UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LARRY D. SMITH, Plaintiff

vs.

PINNACLE HOSPITALITY GROUP, INC., Defendant

COMPLAINT          04co30179 - MAP

*Jurisdictional Statement*

1.   The Court has subject matter jurisdiction of the First Cause of Action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b). It has pendent jurisdiction of the Second and Third Causes of Action.

2.   The Court has personal jurisdiction of the defendant Pinnacle Hospitality Group, Inc. in that it maintains a principal place of business at The Lord Jeffery Inn, Amherst, Hampshire County, in the Commonwealth of Massachusetts, within the territorial jurisdiction of the Court; and under the Massachusetts long arm statute, Mass. G.L. c. 223, § 3, in that plaintiff's causes of action arise out of the defendant's acts in transacting business within the Commonwealth of Massachusetts.

*Identification of the Parties*

3.   The Plaintiff is Larry D. Smith, a resident of Shutesbury in Franklin County in said Commonwealth of Massachusetts. At all relevant times, he has been employed by defendant as maintenance manager of the aforesaid Lord Jeffery Inn.

4.   The Defendant is Pinnacle Hospitality Group, Inc., a business corporation maintaining a principal place of business in said Amherst, having employees engaged in commerce and having an annual gross volume of business done not less than Five Hundred Thousand ($500,000.00) Dollars, exclusive of excise taxes at the retail level separately stated. In its operation of The Lord Jeffery Inn, it is an enterprise engaged in commerce as defined by 29 U.S.C. § 203.

*Description of the First Cause of Action*

6.   From and after February 1, 1998, in continuing violation of 29 U.S.C. § 207, the Defendant has employed your Plaintiff in an enterprise engaged in commerce for a workweek longer than forty hours; and, in a course marked by willful and reckless conduct, has consistently failed and refused to pay him compensation for hours worked in excess of such forty hours at a rate not less than one and one half times the regular rate at which he has been employed.

1

WHEREFORE your Plaintiff prays for recovery of unpaid wages and liquidated damages and attorney fees, all as provided by 29 U.S.C. § 216(b).

*Description of the Second Cause of Action*

7.  From and after February 1, 1998, in continuing violation of 29 U.S.C. § 207, the Defendant has employed your Plaintiff in an enterprise engaged in commerce for a workweek longer than forty hours; and has consistently failed and refused to pay him compensation for hours worked in excess of such forty hours at a rate not less than one and one half times the regular rate at which he has been employed. And your plaintiff says that, at the inception of his salaried status on February 1, 1998, defendant impliedly contracted to pay him in accordance with said 29 U.S.C. § 207, but has failed and refused to do so.

WHEREFORE your plaintiff prays for judgment for unpaid overtime wages, together with interest pursuant to Mass. G.L. c. 107, § 3.

*Description of the Third Cause of Action*

7.  On or about May 26, 2004, Defendant and Plaintiff joined in a an agreement defining his right to overtime payment, of which a copy is hereto annexed and made a part hereof marked "A". And he says that defendant has failed and refused to pay him the compensation therein called for.

WHEREFORE your Plaintiff prays for judgment for back compensation due under such agreement, together with interest pursuant to Mass. G.L. c. 107, § 3.

Respectfully submitted,

LARRY D. SMITH

By _____
Stephen R. Kaplan
Attorney at Law
50 Center Street, P.O. Box 144
Northampton, MA    01061-0144
Tel. (413) 584-8966
Fax  (413) 387-6027
BBO # 259240

Dated: September 10, 2004

2



Date:   May 21, 2004

To:   Larry Smith – Maintenance Manager
      Rick Trahan - Innkeeper

From:  Ivy Lenihan
       Controller

Re:   Job classification

After a review of the Maintenance Manager position and the new FLSA regulations I have determined that the position no longer meets the exempt criteria. The position will now be paid as a non exempt salaried position on a fluctuating work week. What this means is:

    The position will be paid a salary for a 40 hour work week
    The position will be eligible for salaried benefits per the employee manual.
    Overtime will be paid based on the following calculation
        Weekly salary / total hours worked = average hourly wage
        OT hours are paid at 1.5 * the average hourly wage calculated for that week.

By signing below you acknowledge this change in classification and understand the overtime calculation that will be used for this non exempt salaried position.

_____   5·26·4
Larry Smith – Maintenance Manager    Date

_____   5/26/2004
Rick Trahan – Innkeeper              Date

30 Boltwood Avenue, Amherst, Massachusetts 01002
413-253-2576 • 800-742-0358 • FAX 413-256-6152
www.lordjefferyinn.com