UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 04C0 30179 MAP

LARRY D. SMITH, Plaintiff

vs.

BARON JEFF CORPORATION, Defendant

FILED
CLERK'S OFFICE

'04 NOV -1  P 12:04

U.S. DISTRICT COURT
DISTRICT OF MASS

## SECOND AMENDED COMPLAINT

*Jurisdictional Statement*

1.  The Court has subject matter jurisdiction of the First and Second Causes of Action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b). It has pendent jurisdiction of the Third and Fourth Causes of Action.

2.  The Court has personal jurisdiction of the defendant Baron Jeff Corporation in that such defendant maintains a principal place of business at The Lord Jeffery Inn, Amherst, Hampshire County, in the Commonwealth of Massachusetts, within the territorial jurisdiction of the Court; and under the Massachusetts long arm statute, Mass. G.L. c. 223, § 3, in that plaintiff's causes of action arise out of the defendant's acts in transacting business within the Commonwealth of Massachusetts.

*Identification of the Parties*

3.  The Plaintiff is Larry D. Smith, a resident of Shutesbury in Franklin County in said Commonwealth of Massachusetts. At all relevant times, he has been employed by defendant as maintenance manager of the aforesaid Lord Jeffery Inn.

4.  The Defendant is Baron Jeff Corporation, a business corporation maintaining a principal place of business in said Amherst, having employees engaged in commerce and having an annual gross volume of business done not less than Five Hundred Thousand ($500,000.00) Dollars, exclusive of excise taxes at the retail level separately stated. In its operation of The Lord Jeffery Inn, it is an enterprise engaged in commerce as defined by 29 U.S.C. § 203.

*Description of the First Cause of Action*

5.  From and after February 1, 1998, in continuing violation of 29 U.S.C. § 207, the Defendant has employed your Plaintiff in an enterprise engaged in commerce for a workweek longer than forty hours; and, in a course marked by willful and reckless conduct, has consistently failed and refused to pay him compensation for hours worked in excess of such forty hours at a rate not less than one and one half times the regular rate at which he has been employed.

1

WHEREFORE your Plaintiff prays for recovery of unpaid wages and liquidated damages and attorney fees, all as provided by 29 U.S.C. § 216(b).

*Description of the Second Cause of Action*

6.  Prior to May 26, 2004, plaintiff complained to the defendant and to the United States Department of Labor of defendant's acts and omissions as described in Paragraph Five of this Second Amended Complaint. And he says that, subsequent to May 25, 2004, acting in retaliation for such complaints, defendant reduced his base pay by multiplying the same by a factor of 40/45 pursuant to the instrument hereto annexed and made a part hereof marked "B". And he says that such reduction was a prohibited act under 29 U.S.C. § 215 and under 29 CFR 778.500.

WHEREFORE your plaintiff prays for recovery of unpaid wages and liquidated damages, together with interest and attorney fees, all as provided by 29 U.S.C. § 216(b).

*Description of Third Cause of Action*

7.  From and after February 1, 1998, in continuing violation of 29 U.S.C. § 207, the Defendant has employed your Plaintiff in an enterprise engaged in commerce for a workweek longer than forty hours; and has consistently failed and refused to pay him compensation for hours worked in excess of such forty hours at a rate not less than one and one half times the regular rate at which he has been employed. And your plaintiff says that, at the inception of his salaried status on February 1, 1998, defendant impliedly contracted to pay him in accordance with said 29 U.S.C. § 207, but has failed and refused to do so, in violation of rights secured to plaintiff under Massachusetts common law.

WHEREFORE your plaintiff prays for judgment for unpaid overtime wages, together with interest pursuant to Mass. G.L. c. 107, § 3.

*Description of the Fourth Cause of Action*

8.  On or about May 26, 2004, Defendant and Plaintiff joined in a an agreement defining his right to overtime payment, of which a copy is hereto annexed and made a part hereof marked "A". And he says that defendant has failed and refused to pay him the compensation therein called for, in violation of rights secured to plaintiff under Massachusetts common law.

WHEREFORE your Plaintiff prays for judgment for back compensation due under such agreement, together with interest pursuant to Mass. G.L. c. 107, § 3.

Respectfully submitted,

LARRY D. SMITH

By _____
Stephen R. Kaplan
Attorney at Law
50 Center Street, P.O. Box 144
Northampton, MA    01061-0144
Tel. (413) 584-8966
Fax  (413) 387-6027
BBO # 259240

Dated: October 29, 2004

Addendum to memo Dated May 21, 2004 to Larry Smith – Maintenance Manager and Rick Trahan – Innkeeper from Ivy Lenihan – Controller regarding Job Classification.

The purpose of this addendum is to clarify the calculation of Wages for Larry Smith going forward on the fluctuating work week as a non-exempt salaried manager.

Base pay is calculated by taking Larry's former salary and dividing by the required 45 hours per week work schedule for salaried exempt managers. This hourly rate is then multiplied by 40 hours to determine the weekly salary.

For a week when 40 hours or less are worked Larry will be compensated based on a 40 hour work week salary.

For a week when overtime is earned Larry's pay will be calculated as follows:
    1) Total hours worked will be divided into the base salary to determine a regular hourly rate for the week.
    2) The first 40 hours of pay will be determined by multiplying the regular hourly rate calculated in step 1 by 40 hours.
    3) The overtime will be calculated by taking the regular hourly rate calculated in step one, multiplying it by 1.5 to determine the overtime rate of pay, this overtime rate of pay will then be multiplied by number of overtime hours.
    4) Finally the result of the first forty hour calculation will be added to the overtime calculation to arrive at the total compensation for the week.

The following is an example for illustrative purposes.
    Weekly wage for a 40 hour work week is $400.00
    The total number of hours worked is 42
    The regular hourly rate is calculated: $400.00/ 42 hours = $9.52 per hour
    The first forty hours of pay is determined: $9.52 X 40 hours = $380.95
    Overtime is then calculated: $9.52 X 1.5 = $14.28 per hour
        $14.28 X 2 hours of overtime = $28.56
    Total pay is found by adding: first forty hours   = $380.95
                                   Overtime pay      = $ 28.56
                                   Total pay         = $409.51

Attached for further clarification of the overtime calculation is the information from our reference material: "What to do about personnel problems – Massachusetts", published by Business and Legal Reports, Inc.

By signing below you acknowledge receipt of the addendum and understand the calculation as presented.

_____                    _____
   Larry Smith    Date                                    Richard Trahan      Date

"A"



Date: May 21, 2004

To: Larry Smith – Maintenance Manager
Rick Trahan - Innkeeper

From: Ivy Lenihan
Controller

Re: Job classification

After a review of the Maintenance Manager position and the new FLSA regulations I have determined that the position no longer meets the exempt criteria. The position will now be paid as a non exempt salaried position on a fluctuating work week. What this means is:

The position will be paid a salary for a 40 hour work week
The position will be eligible for salaried benefits per the employee manual.
Overtime will be paid based on the following calculation
Weekly salary / total hours worked = average hourly wage
OT hours are paid at 1.5 * the average hourly wage calculated for that week.

By signing below you acknowledge this change in classification and understand the overtime calculation that will be used for this non exempt salaried position.

_____     5·26·4
Larry Smith – Maintenance Manager         Date

_____     5/26/2004
Rick Trahan – Innkeeper                   Date

30 Boltwood Avenue, Amherst, Massachusetts 01002
413-253-2576 • 800-742-0358 • FAX 413-256-6152
www.lordjefferyinn.com