UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

[illegible date stamp]

U.S. DISTRICT COURT
DISTRICT OF MASS

04CV30179-mvHP

LARRY D. SMITH,
    Plaintiff,

v.

PINNACLE HOSPITALITY GROUP, INC.,
    Defendant.

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Baron Jeff Corporation[1] answers the Complaint ("Complaint") of the Plaintiff Larry D. Smith ("Smith") as follows:

1. Defendant states that the allegations of paragraph 1 of the Complaint assert a conclusion of law to which no response is required. To the extent that paragraph 1 contains any factual allegations, Defendant denies those allegations.

2. Defendant admits that it maintains a principal place of business at the Lord Jeffery Inn in Amherst, Massachusetts. Defendant further states that the remaining allegations of paragraph 2 of the Complaint assert a conclusion of law to which no response is required. To the extent that paragraph 2 contains any additional factual allegations, Defendant denies those allegations.

3. Defendant admits that Smith has been employed at the Lord Jeffery Inn as the maintenance manager, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 of the Complaint.

4. Defendant admits that it maintains a principal place of business in Amherst and has an annual gross volume of business of not less than Five Hundred Thousand Dollars

---

[1] As Plaintiff states in his September 21, 2004 letter to the Court, the proper Defendant to this action is Baron Jeff Corporation, which operates the Lord Jeffery Inn in Amherst, Massachusetts.

($500,000.00), exclusive of excise taxes at the retail level, and otherwise states that the remaining allegations of paragraph 4 of the Complaint assert a conclusion of law to which no response is required. To the extent that paragraph 4 contains any remaining factual allegations, Defendant denies those allegations.

### FIRST CAUSE OF ACTION

5. Defendant admits it has employed plaintiff from and after February 1, 1998, and otherwise states that the remaining allegations of paragraph 5 of the Complaint assert a conclusion of law to which no response is required. To the extent that paragraph 5 contains any remaining factual allegations, Defendant denies those allegations.

### SECOND CAUSE OF ACTION

6. Defendant states that the allegations of paragraph 6 of the Complaint assert a conclusion of law to which no response is required. To the extent that paragraph 6 contains any factual allegations, Defendant denies those allegations.

### THIRD CAUSE OF ACTION

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

### FOURTH CAUSE OF ACTION

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim fails as a matter of law because he has not filed within the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

There has been a failure of consideration.

## FOURTH AFFIRMATIVE DEFENSE

Any alleged contract between Plaintiff and Defendant is void and unenforceable for lack of mutuality of obligation, mutuality of assent or mutuality of remedy.

## FIFTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction as to the Third and Fourth Causes of Action.

WHEREFORE, Defendants respectfully request that this Court dismiss Smith's Complaint and award Defendants their fees and costs incurred in connection with this action.

## JURY DEMAND

Defendants hereby demand a trial by jury on all claims and issues so triable.

Respectfully submitted,

**BARON JEFF CORPORATION**
By its attorney,

*/s/ Stacey N Schmidt*
Stacey N. Schmidt, #648479
81 Green Street, Suite 32
Brookline, MA 02446
(617) 818-1313

Dated: October 25, 2004

### Certificate of Service

I, Stacey N. Schmidt, hereby certify that on October 25, 2004, I served the foregoing document by causing a true copy thereof to be delivered by first-class mail to Larry D. Smith's attorney of record Stephen R. Kaplan, 50 Center Street, P.O. Box 144, Northhampton, MA 01061-0144.

*/s/ Stacey N. Schmidt*
Stacey N. Schmidt