UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LARRY D. SMITH,
Plaintiff,

v.

BARON JEFF CORPORATION,
Defendant.

No. 04CO30179-MAP

## ANSWER TO SECOND AMENDED COMPLAINT

Defendant Baron Jeff Corporation answers the Complaint ("Complaint") of the plaintiff Larry D. Smith ("Smith") as follows:

### FIRST DEFENSE

In response to the particular allegations of the Complaint, Defendant states the following:

1. Defendant states that the allegations of paragraph 1 assert a conclusion of law as to which no responsive pleading is required. To the extent that paragraph 1 contains any factual allegations, Defendant denies those allegations.

2. Defendant admits that it maintains a principal place of business at the Lord Jeffery Inn in Amherst, Massachusetts. Defendant further states that the remaining allegations of paragraph 2 assert a conclusion of law as to which no responsive pleading is required. To the extent that paragraph 2 contains any additional factual allegations, Defendant denies those allegations.

3. Defendant admits that it employed Smith at the Lord Jeffery Inn, states that his most current title is Head of Engineering, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3.

4. Defendant admits that it maintains a principal place of business in Amherst and has an annual gross volume of business of not less than Five Hundred Thousand Dollars ($500,000.00), exclusive of excise taxes at the retail level, and otherwise states that the remaining allegations of paragraph 4 assert a conclusion of law as to which no responsive pleading is required. To the extent that paragraph 4 contains any remaining factual allegations, Defendant denies those allegations.

## FIRST CAUSE OF ACTION

5. Defendant admits it has employed plaintiff from and after February 1, 1998, and otherwise states that the remaining allegations of paragraph 5 assert a conclusion of law as to which no responsive pleading is required. To the extent that paragraph 5 contains any remaining factual allegations, Defendant denies those allegations.

WHEREFORE, Defendant respectfully requests that this Court dismiss Smith's First Cause of Action.

## SECOND CAUSE OF ACTION

6. Defendant states that the allegations of paragraph 6 assert a conclusion of law as to which no responsive pleading is required. To the extent that paragraph 6 contains any factual allegations, Defendant denies those allegations.

WHEREFORE, Defendant respectfully requests that this Court dismiss Smith's Second Cause of Action.

## THIRD CAUSE OF ACTION

7. Defendant states that the allegations of paragraph 7 assert a conclusion of law as to which no responsive pleading is required. To the extent that paragraph 7 contains any factual allegations, Defendant denies those allegations.

WHEREFORE, Defendant respectfully requests that this Court dismiss Smith's Third Cause of Action.

## FOURTH CAUSE OF ACTION

8.  Defendant denies the allegations contained in paragraph 7 of the Complaint.

WHEREFORE, Defendant respectfully requests that this Court dismiss Smith's Fourth Cause of Action.

DEFENDANT CLAIMS A TRIAL BY JURY

Respectfully submitted,

BARON JEFF CORPORATION
By its attorney,

*/s/ Stacey N. Schmidt*
Stacey N. Schmidt, #648479
81 Green Street, Suite 32
Brookline, MA  02446
(617) 818-1313

Dated: December 1, 2004

### Certificate of Service

I, Stacey N. Schmidt, hereby certify that on December 1, 2004, I served the foregoing document by causing a true copy thereof to be delivered by first-class mail to Larry D. Smith's attorney of record Stephen R. Kaplan, 50 Center Street, P.O. Box 144, Northhampton, MA  01061-0144.

*/s/ Stacey N. Schmidt*
Stacey N. Schmidt